## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Liban M. M., | Case No. 18-cv-1732 (JRT/TNL) |
| Petitioner, | |
| v. | |
| Secretary of Department of Homeland Security; | REPORT & RECOMMENDATION |
| Attorney General William P. Barr[1]; | |
| Scott Banickie, *ICE Field Office*; and | |
| Kurt Frietag, *Freeborn County Sheriff*, | |
| Respondents. | |

Liban M. M., A# 212173990, 830 South Aldrich Street, Apartment 8, Aberdeen, SD 57104 (pro se Petitioner);[2] and

Ana H. Voss, Ann M. Bildtsen, and Friedrich A. P. Siekert, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents Secretary of Department of Homeland Security, Attorney General William P. Bar, and Scott Banickie).

---

[1] Attorney General William P. Barr is substituted in for former Attorney General "Jeffery Sessions." (*See* Pet. at 1, ECF No. 1). A public "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name . . . ." Fed. R. Civ. P. 25(d).

[2] As discussed herein, Petitioner has been released from custody. *See infra* Section II. The address on file with the Court for Petitioner, the Freeborn County Adult Detention Center, is in all likelihood no longer correct. Respondents' supplemental response includes this South Dakota address as Petitioner's address upon release. (ECF No. 20-1). Therefore, the Clerk of Court is directed to update the address on file for Petitioner and send copies of this Report & Recommendation to both the South Dakota address and the Freeborn County Adult Detention Center, 411 South Broadway Avenue, Albert Lea, MN 56007.

1

## I. INTRODUCTION

This matter comes before the Court on Petitioner Liban M. M.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable John R. Tunheim, Chief Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of Somalia. (ECF No. 1-1 at 22[3]). Petitioner was admitted to the United States as a refugee in 2013, and became a lawful permanent resident in 2016. (ECF Nos. 14-1 at 7; 17-1 at 13-14, 38). On March 27, 2017, Petitioner was convicted in South Dakota of attempted sexual contact with a person incapable of consent and sentenced to five years in prison. (ECF No. 14-1 at 4). On or about November 13, 2017, Petitioner was detained by the Department of Homeland Security. (ECF Nos. 1-1 at 22; 14-1 at 5). On April 20, 2018, Petitioner was ordered removed from the United States by an Immigration Judge. (ECF No. 1-1 at 1). On May 9, 2018, a South Dakota court simultaneously ordered that the judgment of conviction be vacated "based on procedural and substantive defects" and entered a new judgement of conviction. (ECF No. 1-1 at 14).

---

[3] Due to various inconsistencies in pagination, the Court uses the page numbers generated by the Court's electronic filing system.

In June 2018, Petitioner filed the instant Petition. Petitioner challenged his "prolonged detention," asserting that he "is being detained indefinitely in violation of his 'Due Process Clause' 5th Amendment [rights]." (Pet. at 2, 7). Petitioner additionally asserted that "[h]is detention also violates the 8th Amendment" as "Cruel and Unusual Punishment" grounds. (Pet. at 7). Petitioner sought immediate release from custody because the criminal conviction upon which the order of removal was based had been vacated. (Pet. at 8; ECF No. 1-1 at 5-8, 14-15; Pet'r's Resp. at 1-3, ECF No. 16).

On September 18, 2018, Petitioner was released pending resolution of his criminal case. (ECF No. 20-1 at 2). Respondents request that this matter be dismissed as moot in light of Petitioner's release. (*See generally* Resps.' Supp. Resp., ECF No. 19).

### III. ANALYSIS

#### A. Mootness

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo.*

*State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). If there is no longer an active case or controversy, the action is moot and must be dismissed. *Potter*, 329 F.3d at 611; *see Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

In his Petition, Petitioner seeks release from custody. Petitioner was released, however, on September 18, 2018. The Court can no longer order Petitioner's release because he has already been released. Since Petitioner was released from custody, nothing in his situation would change by granting the relief sought. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already*, *LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)).

### B. Application of the Exceptions to Mootness

Nevertheless, Petitioner's release does not automatically render the Petition moot. Mootness also requires analysis of potentially applicable exceptions to the mootness doctrine. *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012).

> [T]he Petition should not be dismissed as moot if: (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id.* (quotation omitted). None of these exceptions apply.

First, there are no collateral consequences resulting from the allegedly unlawful detention. Petitioner was released from ICE custody until the resolution of his criminal case. Any continuing injury would follow from the underlying removal order, rather than Petitioner's allegedly unlawful detention. *See Kargbo*, 2016 WL 3676162, at *2 (possibility of being taken back into custody is a consequence of the removal order, not the detention).

Second, this case does not involve conduct that is capable of repetition yet evading review. In *Kargbo*, Kargbo was released from custody due to the unlikelihood of his removal in the reasonably foreseeable future and was subject to conditions. 2016 WL 3676162, at *1. Kargbo still sought to have his requested relief—to be released from custody—granted. *Id.* The district court, however, determined that the case was moot and, even if the Kargbo were taken back into custody, it would be based "on . . . facts and legal authority that are different from the facts and legal authority on which the government relied in imposing the detentions challenged in [the] habeas petitions," such as violation of a condition of release or a significant likelihood of removal in the reasonably foreseeable future. *Id.* at *2. Similarly, if Petitioner were to be taken back into custody, it would be based on a new set of facts and circumstances. If Petitioner were brought back into custody, he would be free to bring a new habeas petition based on such new facts and circumstances. Accordingly, the conduct at issue does not meet the capable-of-repetition-yet-evading-review exception because the allegedly unlawful

detention on which the Petition is based cannot be repeated under the same circumstances.

"Third, this is not a case in which [Respondents] voluntarily ceased allegedly unlawful conduct but [are] free to restart such conduct at whim." *Id.* (citing *Already*, 133 S. Ct. at 727). As previously stated, if Petitioner were to be brought back into custody, it would be under a new set of circumstances and facts, and it would be "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged, and thus this case does not fall into the voluntary-cessation exception to the mootness doctrine." *Id.*; *accord Mohamed v. Sessions*, No. 16-cv-3828 (SRN/BRT), 2017 WL 4417706, at *6 (D. Minn. Sept. 14, 2017) ("In the absence of evidence suggesting that a detention of Mohamed on similar facts is reasonably likely to occur again, this Court cannot find that the voluntary-cessation exception applies."), *adopting report and recommendation*, 2017 WL 4410765 (D. Minn. Oct. 3, 2017).

Finally, the fourth exception does not apply because this case is not a certified class action suit.

In sum, because the Court can no longer grant effective relief to Petitioner and none of the above-mentioned exceptions to mootness applies, the Petition must be denied as moot.

### C. Due Process Claim

Petitioner also claims that his substantive due process rights under the Fifth Amendment were violated. Petitioner's substantive due process claim is based on his "being detained indefinitely". (Pet. at 7). Petitioner is no longer detained and, therefore,

6

his substantive due process claim is likewise moot. *Yelengi v. Lynch*, No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *adopting report and recommendation*, 2017 WL 2124398 (D. Minn. May 16, 2017); *see Asalati v. Gonzales*, No. CIV-06-1423-M, 2007 WL 1288169, at *2 (W.D. Okla. Apr. 30, 2007) (substantive due process claim based on alien's prolonged detention moot after release).

### D. Cruel and Unusual Punishment Claim

Petitioner also claims that his detention violated the Eighth Amendment's prohibition on cruel and unusual punishment. Petitioner attempts to bring this claim, however, in a petition for a writ of habeas corpus under § 2241. The Court lacks subject-matter jurisdiction over any claim that Petitioner's detention violated the Eighth Amendment because a petition for a writ of habeas corpus is not the proper vehicle for asserting such claims. *Vanes v. Marques*, No. 18-cv-2376 (JNE/BRT), 2018 WL 6977596, at *3 (D. Minn. Oct. 17, 2018) (citing *Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)), *adopting report and recommendation*, 2019 WL 123106 (D. Minn. Jan. 7, 2019).

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: April   11   , 2019                         *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

*Liban M. M. v. Secretary of Department of Homeland Security et al.*
Case No. 18-cv-1732 (JRT/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).